**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

URIAH DAVID MUELLER
#2855476                                                                            PLAINTIFF

v.                                    4:25-cv-01072-KGB-JJV

HARRISON, Lt., Correctional Officer,
Faulkner County Detention Center, Unit 1                              DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Uriah David Mueller ("Plaintiff") is a pretrial detainee in the Faulkner County Detention Center, Unit 1.  In October 2025, he filed a *pro se* Complaint saying, without any further explanation:

> Since June 23rd of 2025 I have been sleeping on the floor. There are no bunks open above floor level.  I have no personal space everyone is right next to me. I cannot sleep.

(Doc. 1 at 6.) On November 17, 2025, I entered an Order explaining why the Complaint failed to plead a plausible claim for relief.  (Doc. 5.)  I then gave Plaintiff the opportunity

1

to file an Amended Complaint curing the pleading deficiencies and warned him this case could be dismissed without prejudice if he did not do so within thirty days. The time to file an Amended Complaint has expired. Therefore, after careful consideration, I recommend the Complaint be dismissed for the following reasons.[1]

First, because he is a pretrial detainee, Plaintiff's conditions of confinement claim falls under the Fourteenth Amendment, which prohibits pretrial detainees from being punished prior to a finding of guilt. *Bell v. Wolfish,* 441 U.S. 520, 535-37 (1979); *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906-07 (8th Cir. 2020). But "not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Hall v. Higgins,* 77 F.4th 1171, 1179 (8th Cir. 2023) (quoting *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996)). Thus, to plead a plausible conditions of confinement claim, there must be facts suggesting the conditions were: (1) "intentionally punitive," or (2) "not reasonably related to a legitimate governmental purpose" or "excessive in relation to that purpose." *Stearns,* 957 F.3d at 907; *Hall*, 77 F.4th at 1179. Nothing in the Complaint suggests Plaintiff's sleeping conditions are intentionally punitive. And, because Plaintiff does <u>not</u> say he is sleeping on the floor without a mattress or other bedding, the allegations fall short of suggesting he is being subjected to unreasonable or excessive conditions of confinement.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Second, because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676.  Although I have given him the opportunity to do so, Plaintiff has not explained how Lieutenant Harrison, who is the only named defendant, personally participated in the alleged constitutional violation.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.    Dismissal be counted, in the future, as a strike under 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from an Order and Judgment adopting this Recommendation would not be taken in good faith.

DATED this 5th day of January 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3